IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARLES C. MOSS, HERBERT J. GRAF JR.,
THOMASINA L. TURNER AND LAURIE NEGRI
Plaintiffs,

VS. : C.A.

CA 06 389 S

ARGENT MORTGAGE
COMPANY, LLC
Defendant

## COMPLAINT

### INTRODUCTION

1. This action seeks redress against Argent Mortgage Company, LLC for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

### PARTIES AND FACTS

**FACTS RELATING TO PLAINTIFF CHARLES C. MOSS**

4. Plaintiff Charles C. Moss resides at 186 Lowell Ave., Providence, RI 02909.

5. On or about May 26, 2004 Plaintiff Charles C. Moss obtained a loan from Argent, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. In connection with the transaction, Plaintiff Moss received or signed the following documents:

1. A note in the principal amount of $100,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 1; and
5. A HUD-1 Settlement Statement.

7. On or about July 3, 2006 Plaintiff Moss exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Argent. A Copy of the notice is attached as Exhibit 2.

8. Argent has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF HERBERT J. GRAF JR.**

9. Plaintiff Herbert J. Graf Jr. resides at 20 Grove Ave., Cranston, RI 02910.

10. On or about July 1, 2004 Plaintiff Herbert J. Graf Jr. obtained a loan from Argent, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

11. In connection with the transaction, Plaintiff Graf received or signed the following documents:

1. A note in the principal amount of $270,750;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 3; and
5. A HUD-1 Settlement Statement.

12. On or about June 19, 2006 Plaintiff Graf exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Argent. A Copy of the notice is attached as Exhibit 4.

13. Argent has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF THOMASINA L. TURNER**

14. Plaintiff Thomasina L. Turner resides at 427 Orms St. Providence, RI 02908.

15. On or about February 12, 2004 Plaintiff Thomasina L. Turner obtained a loan from Argent, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

16. In connection with the transaction, Plaintiff Turner received or signed the following documents:

1. A note in the principal amount of $125,600;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 5; and
5. A HUD-1 Settlement Statement.

17. On or about June 19, 2006 Plaintiff Turner exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Argent. A Copy of the notice is attached as Exhibit 6 .

18. Argent has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

## FACTS RELATING TO PLAINTIFF LAURIE NEGRI

19. Plaintiff Laurie Negri resides at 30 Villa Ave., Warwick, RI 02886.

20. On or about December 16, 2003 Plaintiff Laurie Negri obtained a loan from Argent, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

21. In connection with the transaction, Plaintiff Negri received or signed the following documents:

1. A note in the principal amount of $165,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 7; and
5. A HUD-1 Settlement Statement.

22. On or about June 26, 2006 Plaintiff Negri exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Argent. A Copy of the notice is attached as Exhibit 8.

23. Argent has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

## DEFENDANT

24. Defendant Argent is a National corporation with its principle place of business at One City Boulevard West, Orange, CA 92868.

25. Argent enters into more than 5 transactions per year in which credit is extended that

is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

26. Argent is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

27. Argent is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## COUNT I - TRUTH IN LENDING ACT

28. Plaintiffs incorporate ¶¶ 1-24 as if fully set out herein.

29. Because all of the refinance transactions referenced herein were secured by Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides (Emphasis added):

> (a) <u>Consumer's right to rescind.</u>
>
> > (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47
> >
> > (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
> >
> > (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material

disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]

(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall **clearly and conspicuously** disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.
(2) The consumer's right to rescind the transaction.
(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
(4) The effects of rescission, as described in paragraph (d) of this section.
**(5) The date the rescission period expires. . . .**

(f) Exempt transactions. The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
(2) A credit plan in which a state agency is a creditor.

30. The copies of the notice of right to cancel actually delivered to each of the Plaintiffs referenced herein were materially confusing and therefore, defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

31. By failing to indicate the date by which the right to cancel had to be exercised Argent failed to give each of the Plaintiffs ***clear and conspicuous*** notice of their right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23. Accordingly, Plaintiffs are

entitled to exercise their extended right to rescind their loans under the TILA.

32. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

33. The failure of the Defendant to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiffs to an award of statutory damages.

**WHEREFORE,** Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant Argent as follows:

1. A declaration that Plaintiffs are entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre Bar # 4019
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Lefeblaw@aol.com

**JURY DEMAND**

Plaintiffs demand trial by jury

Christopher M. Lefebvre