**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CHARLES C. MOSS, HERBERT J. GRAF, JR., THOMASINA L. TURNER AND LAURIE NEGRI,<br>Plaintiffs,<br><br>v.<br><br>ARGENT MORTGAGE COMPANY, LLC,<br>Defendant. | C.A. No. 06-389-A |

**ANSWER TO COMPLAINT AND COUNTERCLAIM**

Defendant Argent Mortgage Company LLC ("Argent") by and through its attorneys, Kirkpatrick & Lockhart Nicholson Graham LLP, hereby answers the Complaint brought by plaintiffs Charles C. Moss, Herbert J. Graf, Jr., Thomasina L. Turner and Laurie Negri.

Except as expressly admitted or denied herein below, Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

**INTRODUCTION**

1. Paragraph 1 of the Complaint contains plaintiffs' characterization of this action to which no responsive pleading is required.

**JURISDICTION AND VENUE**

2. Paragraph 2 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Argent does not contest the Court's subject matter jurisdiction over this matter.

3. Paragraph 3 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Argent does not contest that venue is proper in this District.

## PARTIES AND FACTS

### FACTS RELATING TO PLAINTIFF CHARLES C. MOSS

4. Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Argent admits that on or about May 26, 2004, plaintiff Charles C. Moss became the obligor and mortgagor under a certain note and mortgage on property located at 186 Lowell Avenue, Providence, Rhode Island. Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Complaint.

6. Argent admits that plaintiff Charles C. Moss received or signed certain documents, including but not limited to, a Note in the principal amount of $100,000.00, a Mortgage, a Truth-in-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, and a HUD-1 Settlement Statement. Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint.

7. Argent admits that it received the document attached as Exhibit 2 to the Complaint and that the document speaks for itself as to its content. Argent denies that plaintiff Charles C. Moss has an extended right to rescission and denies that his proposed exercise of any such right is valid. Argent denies the remaining allegations set forth in paragraph 7 of the Complaint.

8. Argent denies the allegations set forth in paragraph 8 of the Complaint.

**FACTS RELATING TO PLAINTIFF HERBERT J. GRAF, JR.**

9. Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Argent admits that on or July 1, 2004, plaintiff Herbert J. Graf, Jr. became the obligor and mortgagor under a certain note and mortgage on property located at 20 Grove Avenue, Cranston, Rhode Island. Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint.

11. Argent admits that plaintiff Herbert J. Graf, Jr. received or signed certain documents, including but not limited to, a Note in the principal amount of $270,750.00, a Mortgage, a Truth-in-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, and a HUD-1 Settlement Statement. Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Complaint.

12. Argent admits that it received the document attached as Exhibit 6 to the Complaint and that the document speaks for itself as to its content. Argent denies that plaintiff Herbert J. Graf, Jr. has an extended right to rescission and denies that his proposed exercise of any such right is valid. Argent denies the remaining allegations set forth in paragraph 12 of the Complaint.

13. Argent denies the allegations set forth in paragraph 13 of the Complaint.

**FACTS RELATING TO PLAINTIFF THOMASINA L. TURNER**

14. Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Argent admits that on or about February 12, 2004, plaintiff Thomasina L. Turner became the obligor and mortgagor under a certain note and mortgage on property located at 427 Orms Street, Providence, Rhode Island. Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of the Complaint.

16. Argent admits that plaintiff Thomasina L. Turner received or signed certain documents, including but not limited to, a Note in the principal amount of $125,600.00, a Mortgage, a Truth-in-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, and a HUD-1 Settlement Statement. Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16 of the Complaint.

17. Argent admits that it received the document attached as Exhibit 6 to the Complaint and that the document speaks for itself as to its content. Argent denies that plaintiff Thomasina L. Turner has an extended right to rescission and denies that her proposed exercise of any such right is valid. Argent denies the remaining allegations set forth in paragraph 17 of the Complaint.

18. Argent denies the allegations set forth in paragraph 18 of the Complaint.

**FACTS RELATING TO PLAINTIFF LAURIE NEGRI**

19. Argent is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Argent admits that on or about December 16, 2003, plaintiff Laurie Negri became the obligor and mortgagor under a certain note and mortgage on property located at 30 Villa

Avenue, Warwick, Rhode Island. Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the Complaint.

21. Argent admits that plaintiff Laurie Negri received or signed certain documents, including but not limited to, a Note in the principal amount of $165,000.00, a Mortgage, a Truth-in-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, and a HUD-1 Settlement Statement. Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 21 of the Complaint.

22. Argent admits that it received the document attached as Exhibit 8 to the Complaint and that the document speaks for itself as to its content. Argent denies that plaintiff Laurie Negri has an extended right to rescission and denies that her proposed exercise of any such right is valid. Argent denies the remaining allegations set forth in paragraph 22 of the Complaint.

23. Argent denies the allegations set forth in paragraph 23 of the Complaint.

**DEFENDANT**

24. Argent states that it is a Delaware corporation with a principal place of business at 3 Park Plaza, Irvine, CA 92868 and denies the remaining allegations set forth in paragraph 24 of the Complaint.

25. Argent admits that it makes residential mortgage loans, which are secured by real property and through which loans borrowers may finance the purchase of residential property or refinance their existing residential mortgage loans.

26. Paragraph 26 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Argent admits that it is a creditor within the meaning of the Truth in Lending Act.

27. Argent denies the allegations set forth in paragraph 27 of the Amended Complaint.

**COUNT I – TRUTH IN LENDING ACT**

28. Argent reavers and incorporates by reference as if fully set forth herein its responses to each of the preceding paragraphs.

29. Argent admits that plaintiffs' mortgage loans were secured by their property located within the State of Rhode Island and that the loans in question were not for purposes of the initial acquisition or construction of those properties. The remaining allegations contained in paragraph 29 of the Complaint consist of legal conclusions to which no responsive pleading is required and the statutes and regulations referenced by plaintiffs speak for themselves as to their content. To the extent a further response is required, Argent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29 of the Complaint.

30. Argent denies the allegations set forth in paragraph 30 of the Complaint.

31. Argent denies the allegations set forth in paragraph 31 of the Complaint.

32. Paragraph 32 consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Argent asserts that the statute referenced in paragraph 32 speaks for itself as to its content.

33. Argent denies the allegations set forth in paragraph 33 of the Complaint.

**AFFIRMATIVE DEFENSES**

**First Defense**

The Complaint fails to state a claim upon which relief can be granted against Argent.

**Second Defense**

The plaintiffs' claims are barred from recovering any relief by the doctrines of waiver, estoppel and ratification for any purported claim alleged in the Complaint.

**Third Defense**

The plaintiffs' claims are barred or limited by the application of the doctrine of failure to mitigate damages.

**Fourth Defense**

The plaintiffs' claims are barred by the applicable statutes of limitation, by the application of the doctrine of laches, by the doctrine of equitable subrogation and by the application of unclean hands.

**Fifth Defense**

The plaintiffs' claims are barred by the applicable Statute of Frauds and/or the parol evidence rule.

**Sixth Defense**

Any damages were the result of acts or omissions on the part of the plaintiffs or third parties, the actions of which Argent is not responsible.

**Seventh Defense**

Any claims by the plaintiffs under the federal Truth in Lending Act, 15 U.S.C. § 1635 *et seq.* are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations, or interpretations of the Federal Reserve Board.

**Eighth Defense**

Any claims by the plaintiffs under the federal Truth in Lending Act, 15 U.S.C. § 1635 *et seq.* are barred to the extent that the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures to avoid such error.

**Ninth Defense**

Argent is not liable for any claims by the plaintiffs because Argent's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

**Tenth Defense**

Argent hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

WHEREFORE, defendant Argent Mortgage Company respectfully requests that the Court:

i. Enter judgment in its favor on all counts of the Complaint;

ii. Dismiss the Complaint with prejudice;

iii. Award Argent its costs and expenses, including attorneys' fees, incurred in this action; and

iv. Grant such other relief as the Court deems as just and proper.

**COUNTERCLAIM**

Pursuant to Rule 13(e) of the Federal Rules of Civil Procedure, the defendant/counterclaimant, Argent Mortgage Company, Inc. ("Argent") hereby brings this

Counterclaim against plaintiffs/defendants-in-counterclaim, Charles C. Moss, Herbert J. Graf, Jr., Thomasina L. Turner and Laurie Negri ("Plaintiffs"), and states:

1. Argent is a Delaware corporation with its principal place of business in California and is qualified to do business in Rhode Island.

**CHARLES C. MOSS**

2. Upon information and belief, plaintiff Charles C. Moss resides in Providence, Rhode Island.

3. On or about May 26, 2004, plaintiff Charles C. Moss obtained a residential mortgage loan from Argent in connection with property located at 186 Lowell Avenue, Providence, Rhode Island.

4. On or about July 3, 2006, plaintiff Charles C. Moss sent Argent a letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23. See letter from plaintiff Charles C. Moss dated July 3, 2006 attached hereto as **Exhibit A**.

5. On or about August 30, 2006, plaintiff Charles C. Moss filed suit against Argent alleging that Argent had failed to adequately indicate the date by which plaintiff's rescission period expired in connection with the subject loan.

6. Argent has provided plaintiff Charles C. Moss with all required disclosures with respect to the subject loan, and plaintiff is not entitled to rescind his loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

**HERBERT J. GRAF, JR.**

7. Upon information and belief, plaintiff Herbert J. Graf, Jr. resides in Cranston, Rhode Island.

8. On or about July 1, 2004, plaintiff Herbert J. Graf, Jr. obtained a residential mortgage loan from Argent in connection with property located at 20 Grove Avenue, Cranston, Rhode Island.

9. On or about June 19, 2006, plaintiff Herbert J. Graf, Jr. sent Argent a letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23. See letter from plaintiff Herbert J. Graf, Jr. dated June 19, 2006 attached hereto as **Exhibit B**.

10. On or about August 30, 2006, plaintiff Herbert J. Graf, Jr. filed suit against Argent alleging that Argent had failed to adequately indicate the date by which plaintiff's rescission period expired in connection with the subject loan.

11. Argent has provided plaintiff Herbert J. Graf, Jr. with all required disclosures with respect to the subject loan, and plaintiff is not entitled to rescind his loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

**THOMASINA L. TURNER**

12. Upon information and belief, plaintiff Thomasina L. Turner resides in Warwick, Rhode Island.

13. On or about February 12, 2004, plaintiff Thomasina L. Turner obtained a residential mortgage loan from Argent in connection with property located at 427 Orms Street, Providence, Rhode Island.

14. On or about June 19, 2006, plaintiff Thomasina L. Turner sent Argent a letter purporting to rescind the mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23. See letter from plaintiff Thomasina L. Turner dated June 19, 2006 attached hereto as **Exhibit C**.

15. On or about August 30, 2006, plaintiff Thomasina L. Turner filed suit against Argent alleging that Argent had failed to adequately indicate the date by which the rescission period expired in connection with the subject loan.

16. Argent has provided plaintiff Thomasina L. Turner with all required disclosures with respect to the subject loan, and plaintiff is not entitled to rescind the loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

**LAURIE NEGRI**

17. Upon information and belief, plaintiff Laurie Negri resides in Warwick, Rhode Island.

18. On or about December 16, 2003, plaintiff Laurie Negri obtained a residential mortgage loan from Argent in connection with property located at 30 Villa Avenue, Warwick, Rhode Island.

19. On or about June 26, 2006, plaintiff Laurie Negri sent Argent a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23. See letter from plaintiff Laurie Negri dated June 26, 2005 attached hereto as **Exhibit D**.

20. On or about August 30, 2006, plaintiff Laurie Negri filed suit against Argent alleging that Argent had failed to adequately indicate the date by which plaintiff's rescission period expired in connection with the subject loan.

21. Argent has provided plaintiff Laurie Negri with all required disclosures with respect to the subject loan, and plaintiff is not entitled to rescind his loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

**COUNT I - DECLARATORY JUDGMENT PURSUANT TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201**

22. Argent repeats and realleges the allegations set forth in each of the preceding

paragraphs.

23. By virtue of the plaintiffs' letters seeking rescission of their mortgage loans, actual controversies have arisen and exist between Argent and the plaintiffs regarding whether they have a right to rescind the subject loans under 15 U.S.C. § 1635, Regulation Z, § 226.23.

24. Plaintiffs allege that Argent violated 15 U.S.C. § 1635, Regulation Z, § 226.23 by failing to disclose adequately the date by which plaintiffs' right to rescind expired on the Notice of Right to Cancel, which allegations Argent denies.

25. Argent has provided the plaintiffs with all required disclosures with respect to the subject loans, and the plaintiffs have no basis for rescission of the loan.

26. Argent hereby seeks a declaration of the rights, duties, and liabilities of the parties with respect to the plaintiffs' letters of rescission of their loans, including, without limitation, a declaration that the plaintiffs are not entitled to rescind the subject loans.

## RELIEF REQUESTED

WHEREFORE, defendant/counterclaimant Argent respectfully requests that the Court:

A. Enter a declaration that the plaintiffs are not entitled to rescind their mortgage loans with Argent and that alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow.

B. Award such additional relief as the Court may deem just and proper.

ARGENT MORTGAGE COMPANY, LLC

By its attorneys,

PARTRIDGE SNOW & HAHN LLP

_/s/ Carolyn P. Medina_(#7109)__________

Steven E. Snow (#1774) (ses@phs.com)
Carolyn P. Medina (#7109) (cpm@phs.com)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 (facsimile)

*Of counsel:*
R. Bruce Allensworth (BBO # 015820)
Irene C. Freidel (BBO # 559051)
Sarah C. Kellogg (BBO # 637530)
Eileen E. Pott (BBO # 662350)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
(617) 261-3100
epott@klng.com

Dated: October 10, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed on October 10, 2006 through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), as follows:

Christopher M. Lefebvre (Bar No. 4019)
Claude Lefebvre, Christopher Lefebvre, P.C.
P.O. Box 479
Pawtucket, RI 02862

/s/ Carolyn P. Medina (#7109)______
Carolyn P. Medina

879870_1/3922-4